OPINION of the Court, by
Ch. J. Boyle,
Thi|. is an appeal from a judgment quashing'a writ of habere
The. motion to quash was made upon two grounds — » ist, That David Robertson, the lessor of the plain.iff, Jbh11 Doe, had died before the emanation of the writ j and 2d, that the term of the lease declared on had ex* pired»
These facts are incontestibly established, and the ef-feet of the law arising out of them is the only subject of inquiry,
As to the death of the lessor of the plaintiff, it appear» to be pretty clearly settled that it will not have the ¡-fleet of abating the suit. Formerly the nominal plaintiff was a real person, not an ideal fictitious one ; and when that was.the case, his, death abated the suit. So the suit would now abate by the death of the nominal plaintiff, if his death could be established ; but as formerly, so still, the death of the lessor of the plaintiff would not have the effect of abating the suit: for since the law permits the fiction to stand in place of the fact, to be consistent with itself, it must suffer the same consequences to flow from it. — See liuonington upon Ejectments, 414. and I Hen. and Mun. 531, where it was expressly decided that the death of the lessor of the plaiqtiff would not abate the suit.
*149 It is also clear that where the term expires during the pendency of the action, the suit will not be thereby abated j but it is equally clear that the plaintiff in such a case can only go for damages, and not lor possession. Thus it is laid down in Runnington upon Ejectments, 404, that if the term expire pending the suit, the plaintiff cannot recover the possession, because the court cannot give judgment for the land, when it appears from the record that the title to it is determined ; yet he «hall have judgment for damages, because the trespass remains as before. So Coke in his commentary upon Littleton, observes “ if an ejectione firmes be brought and the term meurreth hanging the action, yet the ac-lion shall proceed for damages only, because an ejectione doth lye after the term for damages onlv.r-rCo. Lite. 285 a.
Hence it necessarily follows that the writ of habere facias possessionem cannot be effective alter the expiration of the term, and that in this case it issued irregularly and was properly quashed by the court below.
Judgment affirmed, &c.